**Oscar Rudy SANDOVAL, Petitioner,**

v.

**Alberto GONZALES,\* Attorney General, Respondent.**

No. 03–74103.

United States Court of Appeals, Ninth Circuit.

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

\* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

Submitted Feb. 7, 2005.**

Decided Feb. 11, 2005.

David W. Kwan, Las Vegas, NV, for Petitioner.

NVL–District Counsel, Office of the District Counsel, Las Vegas, NV, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, Mary Jane Candaux, Esq., Jennifer L. Lightbody, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: FERNANDEZ, GRABER and GOULD, Circuit Judges.

MEMORANDUM ***

Oscar Rudy Sandoval, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from an immigration judge's ("IJ") denial of his applications for cancellation of removal, asylum and withholding of removal. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We review the IJ's order as the final agency determination. *See Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849 (9th Cir.2003). Reviewing for substantial evidence, *see Lata v. INS,* 204 F.3d 1241, 1244 (9th Cir.2000), we

---

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

dismiss in part and deny in part the petition for review.

 We lack jurisdiction to review the agency's discretionary determination that Sandoval failed to satisfy the "exceptional and extremely unusual hardship" requirement for cancellation of removal. *Romero–Torres v. Ashcroft*, 327 F.3d 887, 892 (9th Cir.2003).

 Substantial evidence supports the agency's determination that Sandoval is not eligible for asylum. *See Singh v. INS*, 134 F.3d 962, 966 (9th Cir.1998). Sandoval's testimony that the guerillas recruited him for economic gain and because of his leadership skills supports the agency's conclusion that any mistreatment Sandoval suffered was due to his refusal to join the guerillas and not due to his political opinion, actual or imputed. *See INS v. Elias–Zacarias*, 502 U.S. 478, 482, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Moreover, Sandoval does not have a well-founded fear of persecution on account of a protected ground because he admitted that he now fears common thieves upon return to Guatemala, and not the guerillas. *See Gormley v. Ashcroft*, 364 F.3d 1172, 1180 (9th Cir.2004).

 Because Sandoval failed to prove eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir. 2003).

Finally, Sandoval's regulatory and due process challenges to the BIA's summary affirmance of his case are foreclosed by *Falcon Carriche*, 350 F.3d at 850–55.

---

*  Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 32(c)(2).

Pursuant to *Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004), Sandoval's motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, as of the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

PETITION FOR REVIEW DISMISSED in part; DENIED in part.